# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

ALLEN HICKS                                                                         PLAINTIFF

V.                                                                        NO. 3:04CV-00366-H

CNH AMERICA LLC                                                                   DEFENDANTS
and
BLESCH BROS. EQUIPMENT CO., INC.

## MEMORANDUM OPINION

The plaintiff in this action suffered a bilateral amputation of his arms as the result of an accident involving entanglement in the belt and roller system atop a hay baler manufactured by CNH America LLC. The plaintiff sought discovery regarding several issues pertaining to balers manufactured by CNH, CNH objected to some of them, and plaintiff has now filed a motion to compel CNH to provide full responses.

The court has considered the motion and CNH's response thereto. The court accepts CNH's counsel's representation that it has supplemented and will supplement several of its responses, and that there are only two issues remaining that require the court's attention. Those issues are (1) whether CNH should be required to supplement its responses with respect to its Model 630 and BR series balers and (2) whether plaintiff's requests regarding other accidents involving CNH balers are overly broad. For his part, plaintiff acknowledged in his reply brief, that his intent was to limit discovery of other accidents to those pertaining only to CNH's belted bailers, and those which involved entanglement in belts or rollers, and thus the issues presented are further restricted by that acknowledgement.

The court is not unmindful of CNH's arguments presented in its response to the plaintiff's motion to compel, but nevertheless finds that, with the exception of one issue, plaintiff's motion should be granted. The information sought by plaintiff may not satisfy the requirements for admission into evidence at trial. As counsel is aware, however, the threshold for permissible discovery is much lower. Given the arguments and facts presented by the parties, the court cannot say that the information sought by plaintiff is not discoverable. Whether it is actually admissible at trial is for the trial court's later determination. At this point in the litigation, however, magistrate judge cannot dispute that most of what plaintiff seeks is at least reasonably calculated to lead to the discovery of admissible evidence.

The discovery standard is not without limits however, and those limits suggest that plaintiff's requested discovery with respect to the Model 630 is not appropriate. As presented by the plaintiff, the pertinent (and thus discoverable) characteristics of the various balers are the accident-causing characteristics, which plaintiff asserts are the exposed pinch-point and lack of warnings. Most pertinent is the exposed pinch-point, which plaintiff argues is the exposed rollers and belt system at the top of the baler. Defendants' counsel, as an officer of the court, has represented that the Model 630 was "significantly different" than the model involved in plaintiff's accident and that, among other things, the rollers, number of rollers, and the belt tension system were different on the Model 630. If that is an accurate representation, which the court has no reason to doubt, then the Model 630 does not appear to share pertinent characteristics with the later model and, therefore, discovery regarding the Model 630 is not reasonably calculated to lead to admissible evidence. Both belt and roller systems may have been exposed, but if the all of the characteristic listed above were indeed significantly different,

then exposure alone does not render the two alleged pinch-points sufficiently similar to warrant discovery.

The court will enter an order consistent with this memorandum opinion.

DATE:

cc (via facsimile and U.S. mail):    counsel of record